# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>RONALD SCOTT ROSOL,<br><br>　　　　　　　　　　Defendant. | CASE NO. 12CR1019WQH<br>CASE NO. 13CV751WQH<br><br>ORDER |
|---|---|

HAYES, Judge:

　　　The matter before the Court is the Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 41). Defendant moves the court to vacate his conviction and to reduce his sentence on the grounds that mitigating factors warrant a downward departure. Defendant asserts that home confinement and supervised release with conditions would be sufficient punishment based upon the totality of circumstances in his case. The Court finds that the issues raised in the petition are appropriate for summary disposition.

## APPLICABLE LAW

　　　28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached

exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts. When this standard is satisfied, neither a hearing nor a response from the government is required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

## RULING OF THE COURT

In this case, the record conclusively shows that the Defendant has waived his right to bring a § 2255 motion. In the Plea Agreement, the Defendant agreed as follows:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, ... unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(ECF No. 16 at 10). This waiver is clear, express and unequivocal. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005).

In this case, the Government recommended an adjusted offense level of 23 pursuant to the plea agreement and a resulting guideline range of 46-57 months. (ECF No. 31). The Court imposed a sentence of 30 months. (ECF No. 37 at 2). The sentence imposed was not "greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." (ECF No. 16 at 10). Pursuant to the terms of the plea agreement, the Defendant waived his right to collaterally attack the sentence imposed.

IT IS HEREBY ORDERED that the motion for time reduction by an inmate in federal custody under 28 U.S.C. § 2255 (ECF No. 41) filed by the Defendant is denied.

DATED: April 9, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge